# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

January 26, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9711-CR-00519 |
| Appellee, | ) | |
| | ) | PUTNAM COUNTY |
| VS. | ) | |
| | ) | HON. LEON BURNS, JR., |
| LAWRENCE PAUL WEBB, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

**EDWIN G. SADLER**
1 South Jefferson Ave.
Cookeville, TN 38501

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY BEHAN**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM E. GIBSON**
District Attorney General

**LESLIE ANN SELLS**
-and-
**BEN FANN**
Asst. District Attomeys General
145 South Jefferson Ave.
Cookeville, TN 38501

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was charged by indictment with vehicular homicide by intoxication and two counts of vehicular assault. Following a jury trial and sentencing hearing, he was found guilty as charged and sentenced to an effective sentence of eleven years incarceration. The defendant now challenges his sentence, arguing that the trial court erred in failing to apply a mitigating factor, that his sentence was excessive, and that the trial court erred in denying him alternative sentencing. Finding no merit to these complaints, we affirm.

On the evening of January 26, 1996, the defendant was drinking beer at a local bar. At the end of the evening, he agreed to drive Lori Neal, a woman who worked at the bar, and her boyfriend, Roger Warden, home. On the way home, before dropping Neal and Warden off, the defendant's car struck a car driven by Paul Allen. Neal was killed in the wreck, and both Warden and Allen were severely injured. Warden lost nearly half of one of his legs, ruptured his spleen, and sustained a broken pelvis, multiple leg fractures, a torn liver, and a punctured lung. Allen broke his hip, several ribs, and his pelvis and sustained severe nerve damage in one of his legs and a head injury. Allen testified at trial that he constantly endures pain as a result of the wreck. Just prior to the sentencing hearing, he committed suicide.

The defendant, who was forty-one years old at the time of the sentencing hearing, had a prior criminal record of two worthless check charges and one speeding ticket. Military records confirm some disciplinary problems while serving in the Navy, although he received an honorable discharge. The evidence also shows the defendant has admitted to years of alcohol and drug abuse. The defendant did not accept

2

responsibility at the sentencing hearing for his actions.

In sentencing the defendant, the trial judge placed great emphasis on enhancement factor T.C.A. § 40-35-114(1), finding that while the defendant had "no significant criminal record," he had a "significant admission of criminal behavior in consumption of illegal drugs." With regard to the vehicular assault counts, the trial judge applied enhancement factor T.C.A. 40-35-114(6), that the personal injuries sustained by the victims were particularly great. Although the trial judge found that no statutory mitigation factors were applicable, he noted that the defendant had a good employment record. The trial judge sentenced the defendant as a Range I standard offender to eleven years incarceration on the vehicular homicide conviction and four years incarceration on each of the vehicular assault convictions, all terms to be served concurrently. This was a near-maximum sentence on the vehicular homicide conviction, which has a sentencing range of eight to twelve years for a Range I standard offender, T.C.A. §§ 39-13-213(b), 40-35-112(a)(2), and a maximum sentence for vehicular assault, which has a sentencing range of two to four years for a Range I standard offender, T.C.A. §§ 39-13-106(b), 40-35-112(a)(4).

Citing State v. Jerrell C. Livingston, No. 01C01-9012-CR-00337, Davidson County (Tenn. Crim. App. filed September 17, 1991, at Nashville), aff'd, 907 S.W.2d 392 (Tenn. 1995)(not addressing sentencing issues), and State v. Richard Roberts, No. 03C01-9208-CR-00270, Cumberland County (Tenn. Crim. App. filed May 26, 1993, at Knoxville), the defendant first argues that the trial court erred in failing to consider his "insignificant prior criminal record" as a mitigating factor under T.C.A. § 40-35-113(13). "Although absence of a prior criminal record may be considered under the catch-all provision of Tennessee Code Annotated section 40-35-113(13), this court is not required

3

to consider this as a mitigating factor." <u>State v. Williams</u>, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995)(citations omitted); <u>see</u> <u>State v. John D. Joslin</u>, No. 03C01-9510-CR-00299, Knox County (Tenn. Crim. App. filed September 22, 1997, at Knoxville)("We agree that the lack of a criminal history may be considered as a mitigating factor . . . . Given the Defendant's prior misdemeanor convictions, however, we do not find this mitigating factor to be applicable in his case.")(citations omitted).  Moreover, in light of the fact the trial judge properly applied and placed great emphasis on the enhancement factor that the defendant has a "significant" history of criminal behavior, it would have been inappropriate to also apply the defendant's "insignificant prior criminal record" as a mitigation factor.  <u>State v. Robert L. O'Neal</u>, No. 01C01-9610-CC-00438, Marshall County (Tenn. Crim. App. filed December 20, 1997, at Nashville).  This issue is without merit.

Next, the defendant argues that "based upon the mitigating factors present and the lack of enhancement factors, he was entitled to the presumptive minimum sentence of 8 years" for his vehicular homicide conviction.  The defendant does not specify which "mitigating factors" he believes are present, so we assume he is referring to the "insignificant prior criminal record" he argued was applicable in his first issue.  As we have determined, this mitigation factor is not applicable in this case.  Moreover, the trial court properly applied enhancement factor T.C.A. § 40-35-114(1), that the defendant has a history of criminal behavior, and the court was within its discretion to give this enhancement factor great weight.  <u>State v. Shelton</u>, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)(stating that the weight to be given each factor is left to the trial court's discretion).  An eleven year sentence for vehicular homicide was appropriate under the circumstances of this case.

4

Finally, the defendant argues that "if this Court reduces the defendant's sentence to the presumptive minimum sentence of 8 years, the defendant would be eligible for probation or split confinement pursuant to Tenn. Code Ann. § 40-35-307." Even assuming this was true, the defendant's argument is moot because we affirm the imposed sentence of eleven years on the vehicular homicide conviction. See T.C.A. § 40-35-303(a)(a defendant is eligible for probation only if his or her actual sentence is eight years or less). The defendant's sentences on his vehicular assault convictions are also affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
NORMA McGEE OGLE, Judge

5